# — EXHIBIT 1 —

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and between (i) Bone & Joint Clinic, S.C. ("Bone & Joint" and "Defendant") and (ii) Keith Tesky, Mark Tessmer, Christopher Vangoethem, Kal Tesky, and Ken Ollerman (collectively, "Plaintiffs"), individually and on behalf of the Class, in the case of *Keith Tesky, et al. vs. Bone & Joint Clinic, S.C.*, No. 23-cv-184, U.S. District Court for the Western District of Wisconsin (the "Litigation"). Bone & Joint and Plaintiffs are collectively referred to herein as the "Parties."

## I.    FACTUAL BACKGROUND AND RECITALS

1.      In March 2023, Plaintiffs individually filed class action complaints against Bone & Joint in the District Court for the Western District of Wisconsin based on a ransomware cyberattack on Bone & Joint's systems, discovered on January 16, 2023 (the "Data Incident"), alleging claims for negligence, negligence per se, breach of fiduciary duty, breach of implied contract, invasion of privacy (Wis. Stat. § 995.50 *et seq.*), violations of Wis. Stats. §§ 146.82, 146.84 (Confidentiality of Patient Healthcare Records), violations of Wis. Stat. § 100.18 (Fraudulent Representations Law), violations of Wis. Stat. § 134.98 (Data Breach Notification Law), unjust enrichment, and declaratory relief. Plaintiffs moved to consolidate their claims into one docket and then filed an Amended Class Action Complaint on May 22, 2023. ECF No. 14 (the "Consolidated Class Action Complaint"). The Consolidated Class Action Complaint alleged the Data Incident potentially impacted the personally identifiable information ("PII") and personal health information ("PHI") of approximately 105,094 individuals, including, for patients: name, date of birth, Social Security number, driver's license, home address, phone number, health insurance information, diagnosis and treatment information; and for employees: name, address, phone number, date of birth, Social Security number and other PII, which might include drivers' license number, State ID number and/or passport number, along with employees' spouses, dependents and beneficiaries' PII (collectively referred to in this Settlement Agreement as "Private Information").

2.      Following a robust exchange of Rule 408 documents and information, the Parties mediated with the assistance of the Honorable Morton Denlow (Ret.) of JAMS on August 22, 2023. During this mediation, the Parties negotiated a settlement by which the Parties agreed and hereby wish to resolve all matters pertaining to, arising from, or associated in any way with the Litigation, including all claims Plaintiffs and Class Members have, had, or may have raised against Bone & Joint and related persons and entities related to the Data Incident, as set forth herein.

3.      Bone & Joint denies all claims of wrongdoing or liability that Plaintiffs, Class Members, or anyone else have asserted in this Litigation or may assert in the future. Despite Bone & Joint's position that it is not liable for, and has good defenses to, the claims alleged in the Litigation, Bone & Joint desires to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation of any action relating to the matters being fully settled and finally resolved and released in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or act performed or document created in relation to the Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability.

1

4.      The Parties now enter into this Settlement Agreement. Plaintiffs and Class Counsel have conducted an investigation into the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiffs and the Class, recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated Settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiffs' determination that the Settlement is fair, reasonable, adequate, and will substantially benefit the Class Members.

5.      Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

6.      In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation be settled and compromised, and that the Releasors release the Released Parties of the Released Claims, without costs as to Released Parties, Plaintiffs, Class Counsel, or the Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.   **DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below:

7.      "**Approved Claims**" shall mean complete and timely Claim Forms submitted by Class Members that have been approved by the Settlement Administrator.

8.      "**CAFA Notice**" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. Sec. 1711, *et seq*. ("CAFA"), to be served upon the appropriate State official in each State where a Class Member resides and the appropriate federal official. The Settlement Administrator will prepare and issue the CAFA Notice, which will be paid from the Settlement Fund.

9.      "**Claim Form**" shall mean the form that Class Members may submit to obtain compensation under this Settlement Agreement, which shall require a signature, which is attached as **Exhibit A.**

10.     "**Claims Deadline**" shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted (if filed electronically) to be considered timely and shall be set as a date ninety (90) days after the Notice Deadline. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

Doc ID: 20e4765645286f2a674df39270cf7d493356907a

11. "**Class**" shall mean all current and former patients and employees of Bone & Joint residing in the United States whose Private Information was potentially impacted by the Data Incident and were sent notice of the Data Incident. Excluded from the Class are: (1) the judge presiding over this Action, and members of his direct family; (2) Bone & Joint, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; and (3) Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

12. "**Class Counsel**" shall mean Raina Borrelli of Turke & Strauss, LLP, Danielle L. Perry of Mason LLP, and Ken Grunfeld of Kopelowitz Ostrow Ferguson Weiselberg Gilbert.

13. "**Class List**" means a list of each Class Member's full name, current or last known address, and e-mail address which Bone & Joint or Bone & Joint's agent shall provide to the Settlement Administrator within fourteen (14) days of the entry of the Preliminary Approval Order.

14. "**Class Member**" means an individual who falls within the definition of the Class and who is identified on the Class List.

15. "**Counsel**" or "**Parties' Counsel**" means both Class Counsel and Defendant's Counsel, collectively.

16. "**Court**" shall mean Judge James D. Peterson of the United States District Court for the Western District of Wisconsin.

17. "**Data Incident**" shall mean the ransomware attack that occurred on or about January 16, 2023, on Defendant's systems.

18. "**Defendant**" shall mean Bone & Joint Clinic, S.C.

19. "**Defendant's Counsel**" shall mean Eric Samore of Amundsen Davis, LLC.

20. "**Effective Date**" shall mean the date when the Settlement Agreement becomes Final, which is 30 days after the Court's grant of the Final Approval Order assuming no appeals have been filed. If an appeal is filed, the Effective Date will become 35 days from when the appeal is finalized and a final judgment is entered in this case.

21. "**Exclusion Deadline**" shall mean the same as Opt-Out Deadline, below.

22. "**Fee and Expense Application**" shall mean the motion to be filed by Class Counsel, in which they seek approval of an award of attorneys' fees and litigation expenses.

23. "**Fee Award and Expenses**" means the amount of attorneys' fees and reimbursement of litigation expenses awarded by the Court to Class Counsel.

24. "**Final**" means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (ii) if there is an appeal

Doc ID: 20e4765545266f1a674df339270d7d49335050078a

or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on appeal with respect to the Final Approval Order.

25.     "**Final Approval Hearing**" means the hearing before the Court where the Plaintiffs will request a judgment to be entered by the Court approving the Settlement Agreement and approving the Fee Award.

26.     "**Final Approval Order**" shall mean an order entered by the Court that:

    i.    Certifies the Class pursuant to Federal Rule of Civil Procedure 23;

    ii.    Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Settlement Agreement;

    iii.    Dismisses Plaintiffs' claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

    iv.    Approves the Release provided in Section VIII and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties;

    v.    Reserves jurisdiction over the Settlement and this Settlement Agreement; and

    vi.    Finds that there is no just reason for delay of entry of Final Approval Order with respect to the foregoing.

27.     "**Frequently Asked Questions**" or "**FAQs**" are questions and answers to those questions that are frequently posed by Class Members about class action settlements and specifically about this Settlement.

28.     "**Litigation**" shall mean the action *Tesky v. Bone & Joint Clinic, S.C.*, Case No. 23-cv-184, United States District Court, Western District of Wisconsin.

29.     "**Long Form Notice**" is the content of the notice substantially in the form as **Exhibit B** is the detailed, long form notice that will be posted on the Settlement Website that will include robust details about the Settlement.

30.     "**Notice**" means the direct notice of this proposed Settlement, which is to be provided substantially in the manner set forth in this Settlement Agreement and **Exhibits B and C**,

and is consistent with the requirements of Due Process. The Notice Deadline in this case will be 30 days after the Court enters the Preliminary Approval Order.

31. "**Notice Deadline**" means the last day by which Notice must be issued to the Class Members, and will occur thirty (30) days after the Court enters the Preliminary Approval Order.

32. "**Notice and Administrative Expenses**" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Class, locating Class Members, processing claims, determining the eligibility of any person to be a Class Member, and administering, calculating, and distributing the Settlement Fund to Class Members, and the CAFA Notice. Administrative Expenses also includes all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Settlement Agreement. Notice and Administrative Expenses shall be paid through and using the Settlement Fund.

33. "**Objection Deadline**" means the date by which a written objection to this Settlement Agreement must be postmarked and/or filed with the Court and sent to the Settlement Administrator, which shall be designated as a date approximately sixty (60) days after Notice Deadline, or such other date as ordered by the Court.

34. "**Opt-Out Deadline**" is the last day on which a Class Member may file a request to be excluded from the Class, which will be sixty (60) days after the Notice Deadline. This Deadline will also be known as the Exclusion Deadline. Class Members opt-out requests may also be referred to herein as a Request for Exclusion.

35. "**Out-of-Pocket Losses**" means out-of-pocket costs or expenditures that a Class Member actually incurred that are supported by reasonable documentation. "Out-of-Pocket Losses" include things such as the purchase of identity protection services, credit monitoring services, or ID theft insurance different than the services and benefits offered by Defendant, are fairly traceable to the Data Incident, and such expenses have not already been reimbursed by a third party.

36. "**Parties**" shall mean Plaintiffs and Defendant, collectively.

37. "**Plaintiffs**," "**Class Representatives**," or "**Class Plaintiffs**" shall mean the named class representatives, Keith Tesky, Mark Tessmer, Christopher Vangoethem, Kal Tesky, and Ken Ollerman.

38. "**Preliminary Approval Order**" shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Class for settlement purposes, and directing notice of the Settlement to the Class substantially in the form of the Notice set forth in this Settlement Agreement. Attached as **Exhibit D**.

39. "**Private Information**" means Class Members' personally identifiable information ("PII") and personal health information ("PHI"), including, for patients: name, date of birth, Social Security number, driver's license, home address, phone number, health insurance information, diagnosis and treatment information; and for employees: name, address, phone number, date of

Doc ID: 20e476554452861ae746f83927d0d7d4933353907a

birth, Social Security number and other PII, which might include drivers' license number, State ID number and/or passport number, along with employees' spouses, dependents and beneficiaries' PII.

40.     "**Reminder Notice**" means the reminder notice that the Settlement Administrator will send to Class Members by email sixty (60) days after the Notice Deadline who have not yet submitted a claim under the Settlement, and whose email addresses are available on the Class List.

41.     "**Released Claims**" shall have the meaning ascribed to it as set forth in Section VIII of this Settlement Agreement.

42.     "**Released Parties**" shall have the meaning ascribed to it as set forth in Section VIII of this Settlement Agreement.

43.     "**Releasors**" shall refer, jointly and severally, and individually and collectively, to Plaintiffs, the Class Members, and to each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them.

44.     "**Remainder Funds**" means any funds that remain in the Settlement Fund after all deductions from the Settlement Fund and for settlement payments to Class Members. Often in class actions settlements, some number of class members submitting valid claims and who are then issued a settlement check fail to cash and/or deposit their settlement payments. The funds remaining in the Settlement Fund after settlement payments have been distributed and the time for cashing and/or depositing checks has expired will be Remainder Funds. The Remainder Funds will be sent to one or more court-approved charitable organizations as a *cy pres* distribution. The Parties will jointly recommend the entity or entities to the Court that will be the recipient(s) of the *cy pres* distribution.

45.     "**Service Award**" shall have the meaning ascribed to it as set forth in Section IX of this Settlement Agreement. The Service Award requested in this matter will be $2,000 to each of the Plaintiffs, subject to court approval.

46.     "**Settlement Administrator**" means, subject to Court approval, Epiq, an entity jointly selected and supervised by Class Counsel and Defendant to administer the settlement.

47.     "**Settlement Fund**" means to be paid by, or on behalf of Defendant, five-hundred seventy-five thousand dollars ($575,000.00) including any interest accrued thereon after payment to the Settlement Administrator, this being the full and complete limit and extent of Defendant's obligations with respect to the Settlement.

48.     "**Settlement Payment**" means the payment to be made via mailed check and/or electronic payment to Class Members who submitted valid Claim Forms by the Settlement Administrator from the Settlement Fund.

Doc ID: 20e4765645286f1a674df39270d7d49365690f8a

49. "**Settlement Website**" means a website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including electronic copies of **Exhibits A-D** (or any forms of these notices that are approved by the Court), this Settlement Agreement, and all Court documents related to the Settlement. The Settlement Website, will be publicly viewable and contain broad information about the Settlement, including but not limited to, copies of the Complaints filed in this matter, a copy of the Long Form Notice, Short Form Notice, FAQs, Claim Form that may be submitted online through the Settlement Website or mailed to the Settlement Administrator, and the deadlines for filing a Claim, Objections, Exclusion requests, and the date of the Final Approval Hearing. The Settlement Website is viewed as an important piece of the notice plan to Class Members. The Settlement Website will remain active until 90 days after the Effective Date.

50. "**Short Form Notice**" is the postcard notice that will be mailed to each available Class Member attached as **Exhibit C**.

51. "**Taxes and Tax-Related Expenses**" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendant with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

## III.   SETTLEMENT FUND

52. **Establishment of Settlement Fund**. Within thirty (30) days of the entry of the Preliminary Approval Order, Defendant shall cause to be deposited the Notice and Administrative Expenses through the date of final approval, as estimated by the Settlement Administrator, into an account established and administered by the Settlement Administrator at a financial institution agreed upon by the Settlement Administrator, Defendant, and Class Counsel, to cover the Settlement Administrator's reasonable set-up costs, notice, and early administration costs. Defendant shall deposit the balance of the Settlement Fund into the same account within thirty (30) days of the Effective Date. The Settlement Administrator shall provide wiring instructions and a properly completed and duly executed IRS Form W-9, along with any other necessary forms, to Defendant within ten (10) days of the entry of the Preliminary Approval Order.

53. **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement

Doc ID: 2e0e4785645286f1a674df339270d7d493356907fa

Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Settlement Agreement, upon request of any of the Parties.

54.    **Custody of Settlement Fund**. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraphs 75-76.

55.    **Use of the Settlement Fund**. As further described in this Settlement Agreement and in **Exhibits A-C**, the Settlement Fund shall be used by the Settlement Administrator to pay for the following: (1) reimbursement for Out-of-Pocket Losses and a *Pro Rata* Cash Payment; (2) Notice and Administrative Expenses; (3) Fee Award and Expenses as awarded by the Court; and (4) transfer of Remainder Funds to a *cy pres* recipient agreed upon by the parties if further distributions are not economically viable, to the extent any exist following the preceding administration of payments. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Settlement Agreement or approved by the Court. Responsibility for effectuating payments described in this Paragraph shall rest solely with the Settlement Administrator and neither Defendant nor Defendant's agents shall have any responsibility whatsoever with respect to effectuating such payments.

56.    **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund, if any, shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty, and have no responsibility, with respect to the tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Settlement Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Settlement Agreement.

## IV.    <u>SETTLEMENT BENEFITS AND ADMINISTRATION</u>

57.    The Settlement Administrator will agree to make the following compensation available to Class Members who submit valid and timely claim forms from the Settlement Fund. Claims will be subject to review for completeness and plausibility by a Settlement Administrator, and Claimants will have the opportunity to seek review by the Parties' counsel, if they dispute the Settlement Administrator's initial determination.

        i.    <u>**Cash Payment**</u>: Settlement Class Members will receive a payment of approximately $75 ("Cash Payment") by submitting timely  a claim and submitting an attestation to the Settlement Administrator confirming that they

Doc ID: 20e476564526612e674df339270d7d49335659078a

believe that they have suffered any harm associated with the Data Incident, including but not limited to the following types of harm: time spent dealing with the Data Incident, loss of confidences, loss of their PII/PHI, and/or emotional distress. After the calculation of attorneys' fees, Class Counsel's Litigation Expenses, Administrative Fees and Compensation for Out-of-Pocket Losses, depending on the number of viable claims submitted, the amount of the Cash Payment will *pro rata* increase or decrease the $75.00 payment;

ii. **Compensation for Documented Out-of-Pocket Losses**: The Settlement Administrator will provide compensation from the Settlement Fund up to a total of $5,000.00 per person who is a member of the Class, upon submission of a claim, with an attestation and supporting documentation, for out-of-pocket monetary losses incurred as a result of the Data Incident, including, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, cell phone charges, data charges, and long-distance telephone charges.

Class Members with Monetary Losses must submit documentation supporting their claims. This can include receipts or other documentation that document the costs incurred, but does not include documentation that is "self-prepared" by the claimant. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. Instructions shall be expressly listed on the Long Form notice, and shall be referenced in the claim form. If these instructions are not followed, the Settlement Administrator shall deem Claims invalid as set forth in Paragraph 69.

iii. **Business Practices Changes**: Bone & Joint has implemented security enhancements since, and in response to, the Data Incident. The enhancements include enhanced firewall security, increased password security and user authentication, enhanced email platform security, improved web filtering security, enhanced backup security, and network security. Bone & Joint will maintain these enhancements for at least three years. Defendant will prepare a confidential declaration confirming the same.

58. **Settlement Administration Fees**: The Settlement Fund amount provided by Defendant, or on behalf of Defendant, will pay the entirety of the Notice and Administrative Expenses, including the cost of Notice. The Parties agree to review competitive bids for the settlement administration fees and to rely upon postcard reminder notice, all in order to contain the administration costs while still providing effective notice to the Class. Notice and Administrative Expenses shall be paid through the Settlement Fund and are limited to the Settlement Fund amount.

Doc ID: 20e4765545286f2a6748f63927dd7d4933656907a

59.    Upon the Effective Date, and receipt of payee instructions and a Form W-9 for the payee, Defendant or its insurer shall pay to the Settlement Administrator the Settlement Fund to satisfy the payments in Paragraphs 44, 55, and 57. Provided that Final Approval of this Settlement Agreement is granted by the Court without material change, material amendment, or material modification, the Settlement Fund will be used to satisfy Approved Claims for Class Members in exchange for a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Litigation with prejudice.

60.    The Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement. Defendant's contribution to the Settlement Fund shall be fixed under this Settlement Agreement and shall be final. Defendant shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund, except insofar as such obligations are explicitly provided for in this Settlement Agreement.

61.    Once a Settlement Administrator is mutually agreed to by the Parties and after the Settlement is preliminarily approved by the Court, the Settlement Administrator will provide Notice in a manner mutually agreed upon by the Parties, and which comports with the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, providing the best notice practicable under the circumstances.

62.    After the Court enters an order approving the final Settlement Agreement, the Settlement Administrator shall provide the requested relief to all Class Members that made a valid timely claim, subject to the procedure set forth herein.

63.    The Parties, Class Counsel, and Defendant's Counsel shall not have any liability whatsoever with respect to (1) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (2) the management, investment or distribution of the Settlement Fund; (3) the formulation, design or terms of the disbursement of the Settlement Fund; (4) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (5) any losses suffered by or fluctuations in the value of the Settlement Fund; or (6) the payment or withholding of any Taxes and Tax-Related Expenses.

64.    Within ten (10) business days following the filing of the motion for preliminary approval of class action settlement, the Settlement Administrator, on behalf of the Defendant, shall cause a CAFA Notice to be served upon the appropriate State and Federal officials. All expenses incurred in connection with the preparation and service of the CAFA Notice shall be payable from the Settlement Fund.

## V.    CLASS NOTICE, OPT-OUTS, AND OBJECTIONS

65.    **Notice**. Within seven (7) days after the date of the Preliminary Approval Order, Defendant shall provide the Class List to the Settlement Administrator. Within twenty-three (23) days after receipt of Class List, the Settlement Administrator shall begin to disseminate Notice to the Class Members. Notice shall be disseminated via U.S. mail to all Class Members and also via

Doc ID: 20e4765545286f2a6749f8392f0d7d49365890a1a

e-mail to Class Members whose personal e-mail addresses are known. Class Counsel may direct the Settlement Administrator to send reminder notices to Class Members at any time prior to the Claims Deadline. A reminder notice shall be sent by e-mail to all Class Members for whom a valid e-mail address is available 60-days after the Notice Deadline. The process to issue Notice as described in this Paragraph and the creation and maintenance of the Settlement Website and Toll-Free telephone number shall constitute the "Notice Plan."

66.    **Final Approval Hearing.** The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

67.    **Opt-Outs**. The Notice shall explain the procedure for Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement in the communication. The Notice must state that any Class Member who does not file a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

68.    **Objections**. The Notice shall explain the procedure for Class Members to object to the Settlement or Fee Application by submitting written objections to the Court no later than the Objection Deadline. For an objection to be a valid objection under the Settlement, it must be in writing, postmarked by the Objection Deadline, filed with/or mailed to the Court and the Settlement Administrator and must include (1) the name of the proceedings; (2) the Class Member's full name, current mailing address, and telephone number; (3) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (4) the identity of any attorneys representing the objector; (5) a statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (6) a statement identifying all class action settlements objected to by the Class Member in the previous five (5) years; and (7) the signature of the Class Member or the Class Member's attorney.

69.    **Claim Validation, Cure, Deficiency Process, and Payment**. After the Settlement Administrator reviews all claims submitted under this Settlement, it will send a summary to the Parties' Counsel identifying the number of valid claims and invalid claims. For the invalid claims, Class Members submitting such claims will be sent a deficiency notice and be given 21 days to cure any deficiencies in those Class Members' claims. The cost of the deficiency process is included in the Notice and Administrative Expenses. After all claims have been fully processed including reviewing all claims that have been cured through the deficiency process, the Settlement Administrator will send a list of all valid claims to the Parties' Counsel. Claims will be paid within 45 days of the Effective Date, or within 30 days of the date that all claims are approved and finalized, whichever is later.

Doc ID: 28e4765545286f2a674df39270d7d49365890fa

## VI.    PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

70.    **Certification of the Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Class, which is contingent upon both the Court entering the Final Approval Order of this Settlement and the occurrence of the Effective Date.

71.    **Preliminary Approval**. Following execution of this Settlement Agreement, Class Counsel shall file a motion for preliminary approval of the Settlement, in a form agreeable to the Parties as soon as possible.

72.    **Final Approval**. Class Counsel shall move the Court for a Final Approval Order of this Settlement, to be issued following the Final Approval Hearing; after the deadline to opt-out or object has passed; 14-days prior to the Final Approval Hearing; and at least 90 days after the Settlement Administrator notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

73.    **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Settlement Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Plan and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## VII.    MODIFICATION AND TERMINATION

74.    **Modification**. The terms and provisions of this Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Preliminary Approval Order the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Class Members under this Settlement Agreement.

75.    **Settlement Not Approved.** If: (1) the Court does not issue the Preliminary Approval Order or Final Approval Order; (2) the Effective Date does not occur; or (3) the Final Approval Order is modified or reversed in any material respect by any appellate or other court, the Parties shall have sixty (60) days from the date of such non-occurrence during which the Parties shall work together in good faith in considering, drafting, and submitting reasonable modifications to this Settlement Agreement to address any issues identified by the Court or that otherwise caused the Preliminary Approval Order or Final Approval Order not to issue or the Effective Date not to occur. If such efforts are unsuccessful, either Party may at their sole discretion terminate this

Doc ID: 20e4765545286f2a6748f8392f0d7d4936356901a

Settlement Agreement on seven (7) days written notice to the other Party. For avoidance of any doubt, neither Party may terminate the Settlement Agreement while an appeal from an order granting approval of the Settlement is pending.

76.     **Termination**. Defendant may also unilaterally terminate this Settlement Agreement on seven (7) days written notice to Class Counsel if more than 5% of the Class submit valid Requests for Exclusion, as agreed to by the Parties and as communicated to the Court *in camera*.

77.     **Effect of Termination**. In the event of a termination as provided in Paragraphs 75-76, this Settlement Agreement and the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into this Settlement Agreement. Further, in the event of such a termination, the certification of the Class shall be void. Defendant reserves the right to contest class certification for all purposes other than this Settlement Agreement. This Settlement Agreement (and related documents) and any orders preliminarily or finally approving the certification of any class contemplated by the Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion. In addition: (1) the fact that Defendant did not oppose certification of a class under the Settlement shall not be used or cited thereafter by any person or entity, including in a contested proceeding relating to class certification and (2) in the event of such a termination, all of the Parties' respective pre-Settlement Agreement claims and defenses will be preserved.

## VIII.    <u>RELEASES</u>

78.     Upon Final Approval of this Settlement Agreement, Class Members release, acquit, and forever discharge Bone & Joint, Great American Fidelity Insurance Company, and all of their present or former heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, holding companies, investors, sister and affiliated companies, divisions, associates, affiliated and related entities, employers, employees, agents, representatives, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, attorneys, vendors, accountants, fiduciaries, financial and other advisors, investment bankers, insurers, reinsurers, employee benefit plans, underwriters, shareholders, lenders, auditors, investment advisors, and any and all present and former companies, firms, trusts, corporations, officers, or directors ("Released Parties") from any and all known and unknown claims, demands, actions or causes of action the Class members has, had, or may ever have, now or in the future, arising out of, directly or indirectly resulting from, involving, or related to the ransomware attack that occurred on or about January 16, 2023, including any claims, demands, actions or causes of action, arising out of, directly or indirectly resulting from, or involving the facts, circumstances and situations alleged in the Consolidated Class Action Complaint whether alleged or which could have been alleged under any federal, state, or local statute, regulation, or common law, including any such claims related to data security policies and practices, whether or not such claims, demands, actions, or causes of action have been pleaded or otherwise asserted ("Released Claims"). With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Settlement Class Members intend to and shall be deemed to have, and by operation of the Judgment shall

Doc ID: 20e4785545286f2a87adf33927ed7d49355690fa

have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 et seq., Montana Code Ann. § 28¬1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

79.    Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement.

80.    **Mutual Understanding.** The Parties understand that if the facts upon which this Settlement Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Settlement Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Settlement Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

81.    **Release of Class Representatives and Class Counsel.** Upon the Effective Date, Defendant and its representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be deemed to have released, acquitted, and forever discharged the Class Representatives and Class Counsel from any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses), whether known or unknown, that arise out of, are based upon, or relate to prosecution of the Action, the Settlement Agreement, or the Settlement claims process (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement or this Settlement Agreement).

82.    **Bar to Future Suits.** Upon entry of the Final Approval Order, Plaintiffs and all Settlement Class Members who do not timely and properly exclude themselves from the Settlement, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns ("Releasing Parties") shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Defendant or based on any actions taken by any of the Released Parties that are authorized or

Doc ID: 20e4765545286f2a674df3d9270d7d4933650071a

required by this Settlement Agreement or by the Final Approval Order. Likewise, Defendant and its representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Class Representatives and Class Counsel or based on any actions taken by Class Representatives and Class Counsel that are authorized or required by this Settlement Agreement or by the Final Approval Order. It is further agreed that the Settlement Agreement may be pleaded as a complete defense to any proceeding subject to this section.

## IX.    ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD

83.    **Attorneys' Fees and Expenses.** Within forty-five (45) days after the Notice Deadline, Class Counsel will file a Fee Application for an award of attorneys' fees to be paid from the Settlement Fund not to exceed one-third (33.33%) of the Settlement Fund for fees, or $191,475, and the litigation expenses shall not exceed $20,000. Before the disbursement or payment of the Fee Award and Expenses under this Settlement Agreement to the IOLTA trust account of Turke & Strauss LLP, Turke & Strauss shall provide to the Settlement Administrator a properly completed and duly executed IRS Form W-9. Fee Award and Costs (plus any interest accrued thereon) shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than seven (7) days after the Effective Date.

84.    **Service Award Payment**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee and Expense Application that will include a request for a Service Award Payment for the Class Representatives in recognition for their contributions to this Litigation not to exceed $2,000.00 per Class Representative. Within three (3) days after filing the Fee and Expense Application, the Fee and Expense Application shall be posted on the Settlement Website. The Settlement Administrator shall make the Service Award payments to the Class Representatives from the Settlement Fund. After each Class Representative provides a properly completed and duly executed IRS Form W-9, such Service Award payments shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than seven (7) days after the Effective Date.

85.    **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of a Service Award and/or Attorneys' Fees and Expenses in the amounts requested, the remaining provisions of this Settlement Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award and/or Attorneys' Fees and Expenses shall constitute grounds for termination of this Settlement Agreement.

## X.    NO ADMISSION OF LIABILITY

86.    **No Admission of Liability**. The Parties understand and acknowledge that this Settlement Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Settlement Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any Party of any fault, liability, or wrongdoing of any kind whatsoever.

Doc ID: 20e4765545286f2a674df39270cf7d493355907a

87. **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of it: (1) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs or on behalf of the class; or (2) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Defendant in the Litigation or in any proceeding in any court, administrative agency or other tribunal.

## XI.    **MISCELLANEOUS**

88. **Integration of Exhibits**. The exhibits to this Settlement Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Settlement Agreement.

89. **Entire Agreement**. This Settlement Agreement, including all exhibits hereto, shall constitute the entire agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications, and understandings among the Parties. This Settlement Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible and where such changes are non-material, the exhibits to this Settlement Agreement may be modified by subsequent agreement of counsel for the Parties prior to dissemination of the Class Notice to the Class.

90. **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this Settlement Agreement shall refer to calendar days unless otherwise specified.

91. **Construction**. For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that this Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

92. **Cooperation of Parties**. The Parties to this Settlement Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the settlement described in this Settlement Agreement.

93. **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Settlement Agreement, the Parties shall consult with each other in good faith prior to seeking Court intervention.

94. **Governing Law**. The Settlement Agreement shall be construed in accordance with, and be governed by, the laws of the State of Wisconsin, without regard to the principles thereof regarding choice of law.

95. **Counterparts**. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts.

Doc ID: 20e4765545286f1a6748f3d3927daf7d493356907fa

Original signatures are not required. Any signature submitted electronically through e-mail of an Adobe PDF shall be deemed an original.

96.    **Notices.** All notices to Class Counsel provided for herein shall be sent by overnight mail and email to:

> Raina Borrelli
> Turke & Strauss
> 613 Williamson St., Suite 201
> Madison, WI 53703
> 608-237-1775
> raina@turkestrauss.com

All notices to Defendant provided for herein shall be sent by overnight mail and email to:

> Eric L. Samore
> Amundsen Davis, LLC
> 150 N. Michigan Ave., Suite 3300
> Chicago, IL 60611
> 312-894-3200
> esamore@amundsendavislaw.com

The notice recipients and addresses designated above may be changed by written notice to the other Party.

97.    **Authority.** Any person executing this Settlement Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party or Parties on whose behalf he or she signs this Settlement Agreement to all of the terms and provisions of this Settlement Agreement.


By: _____        Date: _10/20/2023_
Bone & Joint Clinic, S.C.
*Defendant*


By: _____        Date: _October 20, 2023_
Eric Samore
Amundsen Davis, LLC
*Counsel for Defendant*


By: _____        Date: _____
Keith Tesky
*Plaintiff*

17

Doc ID: 9ec40b5844c54f2eca349dd2dda71ef569d8478a

Original signatures are not required. Any signature submitted electronically through e-mail of an Adobe PDF shall be deemed an original.

96.    **Notices**. All notices to Class Counsel provided for herein shall be sent by overnight mail and email to:

> Raina Borrelli
> Turke & Strauss
> 613 Williamson St., Suite 201
> Madison, WI 53703
> 608-237-1775
> raina@turkestrauss.com

All notices to Defendant provided for herein shall be sent by overnight mail and email to:

> Eric L. Samore
> Amundsen Davis, LLC
> 150 N. Michigan Ave., Suite 3300
> Chicago, IL 60611
> 312-894-3200
> esamore@amundsendavislaw.com

The notice recipients and addresses designated above may be changed by written notice to the other Party.

97.    **Authority**. Any person executing this Settlement Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party or Parties on whose behalf he or she signs this Settlement Agreement to all of the terms and provisions of this Settlement Agreement.


By: _____          Date: _____
Bone & Joint Clinic, S.C.
*Defendant*


By: _____          Date: _____
Eric Samore
Amundsen Davis, LLC
*Counsel for Defendant*

*Keith Tesky*
By: _____          Date: **Oct 24, 2023**
Keith Tesky (Oct 24, 2023 08:03 CDT)
Keith Tesky
*Plaintiff*

Doc ID: 9ec40b5844c54f2eca349dd2dda71ef569d8478a

By: _____                Date: 10 / 24 / 2023
Mark Tessmer
*Plaintiff*


By: _____                Date: _____
Christopher Vangoethem
*Plaintiff*


By: _____                Date: _____
Kal Tesky
*Plaintiff*

By: _____                Date: _____
Ken Ollerman
*Plaintiff*


By: _____                Date: _____
Raina Borrelli
Turke & Strauss LLP
*Counsel for Plaintiffs and the Class*


## SETTLEMENT TIMELINE

| **Grant of Preliminary Approval** | |
| --- | --- |
| Settlement Administrator provides W-9 to Bone & Joint | +10 days after Preliminary Approval Order |
| Bone & Joint provides list of Class Members to the Settlement Administrator | +7days after Preliminary Approval |
| Long Form and Short Form Notices Posted on the Settlement Website | +14 days after Preliminary Approval |
| Notice Deadline | +30 days after Preliminary Approval |

Doc ID: f8353c3ee74efdc2

By: _____          Date: _____
Mark Tessmer
*Plaintiff*


By: _____          Date: __10 / 24 / 2023__
Christopher Vangoethem
*Plaintiff*


By: _____          Date: _____
Kal Tesky
*Plaintiff*


By: _____          Date: _____
Ken Ollerman
*Plaintiff*


By: _____          Date: _____
Raina Borrelli
Turke & Strauss LLP
*Counsel for Plaintiffs and the Class*


## SETTLEMENT TIMELINE

| **Grant of Preliminary Approval** | |
|---|---|
| Settlement Administrator provides W-9 to Bone & Joint | +10 days after Preliminary Approval Order |
| Bone & Joint provides list of Class Members to the Settlement Administrator | +7days after Preliminary Approval |
| Long Form and Short Form Notices Posted on the Settlement Website | +14 days after Preliminary Approval |
| Notice Deadline | +30 days after Preliminary Approval |

Doc ID: 20e4765645286f2a674df39270d7d493356907a

By: _____    Date: _____
Mark Tessmer
*Plaintiff*

By: _____    Date: _____
Christopher Vangoethem
*Plaintiff*

By: __ *kal Tesky* _____    Date: 10/24/2023
Kal Tesky                               _____
*Plaintiff*

By: _____    Date: _____
Ken Ollerman
*Plaintiff*

By: *Raina Borrelli* _____    Date: 10 / 24 / 2023
Raina Borrelli                          _____
Turke & Strauss LLP
*Counsel for Plaintiffs and the Class*

## SETTLEMENT TIMELINE

| Grant of Preliminary Approval | |
|---|---|
| Settlement Administrator provides W-9 to Bone & Joint | +10 days after Preliminary Approval Order |
| Bone & Joint provides list of Class Members to the Settlement Administrator | +7days after Preliminary Approval |
| Long Form and Short Form Notices Posted on the Settlement Website | +14 days after Preliminary Approval |
| Notice Deadline | +30 days after Preliminary Approval |

Doc ID: 9ec40b5844c54f2eca349dd2dda71ef569d8478a

By: _____          Date: _____
Mark Tessmer
*Plaintiff*


By: _____          Date: _____
Christopher Vangoethem
*Plaintiff*


By: _____          Date: _____
Kal Tesky
*Plaintiff*

By: _____          Date: 10 / 24 / 2023
Ken Ollerman                                     _____
*Plaintiff*


By: _____          Date: _____
Raina Borrelli
Turke & Strauss LLP
*Counsel for Plaintiffs and the Class*


## SETTLEMENT TIMELINE

| **Grant of Preliminary Approval** | |
|---|---|
| Settlement Administrator provides W-9 to Bone & Joint | +10 days after Preliminary Approval Order |
| Bone & Joint provides list of Class Members to the Settlement Administrator | +7days after Preliminary Approval |
| Long Form and Short Form Notices Posted on the Settlement Website | +14 days after Preliminary Approval |
| Notice Deadline | +30 days after Preliminary Approval |

Doc ID: 95e35b584785f528c334957d2f8327af549d3508a

| Reminder Notice | +60 days after Notice Deadline |
|---|---|
| Class Counsel's Fee and Expense Application | +46 days after Notice Deadline |
| Objection Deadline | +60 days after Notice Deadline |
| Exclusion Deadline | +60 days after Notice Deadline |
| Claims Deadline | +90 days after Notice Deadline |
| Settlement Administrator Provide List of Objections/Exclusions to the Court and Class Counsel | -14 days before Final Approval Hearing Date |
| Initially Approved Claims List | +35 days after Claims Deadline |
| Initially Rejected Claims List | +35 days after Claims Deadline |
| Parties' Challenge to Any Claims | + 35 days from Initially Approved Claims List |
| **Final Approval Hearing** | +120 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | -14 days before Final Approval Hearing Date |
| Settlement Administrator Provide Notice of Opt-Outs and/or Objections | -14 days before Final Approval Hearing Date |
| **Final Approval** | |
| Effective Date | +30 days after Final Approval Order |
| Payment of Attorneys' Fees and Expenses, and Class Representative Service Awards | +30 days after Effective Date |
| Settlement Website Deactivation | +180 days after Effective Date |

Doc ID: 20e4765545286f2a674df39270af7d4933656907a

— **EXHIBIT  A** —

**<u>CLAIM FORM FOR THE BONE & JOINT, S.C.</u>**
**<u>DATA INCIDENT BENEFITS</u>**

**USE THIS FORM TO MAKE A CLAIM FOR A LOST TIME PAYMENT,**
**OUT-OF-POCKET EXPENSE PAYMENT, AND/OR PRO RATA CASH PAYMENT**

For more information, call <mark>1-888-888-8888</mark> or visit the website ***INSERT***
*Para una notificación en Español, pueda llamar <mark>1-888-888-8888</mark> o visitar nuestro sitio de web* <mark>***INSERT***</mark>.

**The DEADLINE to submit this Claim Form online (or have it postmarked for mailing) is**

<mark>**[XXXX XX, 202X]**</mark>

### I.     GENERAL INSTRUCTIONS

If you were notified that your private information was potentially compromised in a January 2023 ransomware cyberattack against Bone & Joint, S.C. ("Bone & Joint"), you are a Settlement Class Member. The event that caused your data to be potentially impacted is referred to here as the "Data Incident."

The Settlement establishes a $575,000.00 fund to compensate Settlement Class Members for their lost time and out-of-pocket losses or expenses, as well as for the costs of notice and administration, and attorneys' fees and expenses as awarded by the Court. As a Settlement Class Member, you are eligible for a *pro rata* cash payment for harm you have suffered associated with the Data Incident, as well as reimbursement for any money you lost as a result of incidents of fraud or identity theft caused by the Data Incident. You must fill out this claim form to receive these benefits. **You may submit a claim for one or both of these benefits, including that you may receive each of a *pro rata* cash payment and Out-of-Pocket Expense reimbursement payment.**

The benefits are as follows:

#### a.   <u>$750 *Pro Rata* Cash Payment</u>

You may submit a claim for a *pro rata* cash gross payment of approximately $75. By filling out this claim form, you must attest that you believe that you have suffered any harm associated with the Data Incident, including but not limited to, the following types of harm: time spent dealing with the Data Incident, breach of their personally identifiable information or personal health information. **You do not have to include documentation. Instead, certify that you have suffered harm as a result of the Data Incident.** After distributing funds for the claims payments for Out-of-Pocket Expenses, below, to claimants, as well as attorneys' fees, Class Counsel's litigation expenses, and Administrative Fees, if there is any money left over, the Settlement Administrator will make *pro rata* settlement payments of the remaining Settlement Fund to each Settlement Class Member who submits a cash payment claim. The remaining amount of the Settlement Fund will be distributed *pro rata* for each Settlement Class Member who submits a claim, which may increase or decrease the $75.00 cash payment amount.

#### b.   <u>Out-of-Pocket Expenses</u>

You are eligible to receive reimbursement for money you paid to protect yourself from the January 2023 Data Incident, such as money spent on a credit monitoring service. You are also eligible to receive reimbursement for money you lost as a result of fraud or identity theft, if that money has not been reimbursed from another source. This includes:

- Late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, and/or card cancellation or replacement fees;

- Late fees from transactions with third parties that were delayed due to fraud or card replacement;
- Unauthorized charges on credit, debit, or other payment cards that were not reimbursed;
- Parking expenses or other transportation expenses for trips to a financial institution to address fraudulent charges or receive a replacement payment card;
- Credit freeze fees or credit monitoring costs that were incurred on or after January 16, 2023, and that were incurred as a result of the Data Incident;
- Instances of verified fraud such as fraudulent bank or credit card charges, fraudulent tax filings, fraudulent opening/closing of bank or credit accounts, unemployment filings, or other fraudulent actions taken using your information from the Data Incident; and
- Other expenses that are reasonably attributable to the Data Incident that were not reimbursed.

These Out-of-Pocket Expenses must be documented; you must submit copies of documents supporting your claims, such as receipts or other documentation. "Self-prepared" documents, such as handwritten receipts, will not count as documentation, but you can submit them as clarification to other, official documents.

## Completing the Claim Form

This Claim Form may be submitted online at **INSERT** or completed and mailed to the address below. Please type or legibly print all requested information in blue or black ink. If submitting by U.S. mail, mail your completed Claim Form, including any supporting documentation, to:

Bone & Joint, S.C. Data Incident
Settlement Administrator
P.O. Box XXXX
XXXXX, XX XXXXX

## II.    CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes prior to distribution of cash payments, you must notify the Settlement Administrator in writing at the address above.

Claimant Name: _____
            First Name                    MI        Last Name

Street Address: _____

Street Address Second Line:

_____

City: _____    State: _____    Zip Code: _____

Class Member ID: _____

If you received a notice of this Settlement by U.S. mail, your Class Member ID is on the envelope or postcard. If you received a notice of this Settlement by email, your Class Member ID is in the email.

E-mail Address: _____

[optional] Daytime Phone Number: ( _____ ) _____ - _____ _____

[optional] Evening Phone Number: ( _____ ) _____ - _____ _____

**<u>You may submit a claim for one or both of these benefits</u>:**

1) **CASH PAYMENT**

   *Pro Rata* **Cash Payment**: Would you like to receive a cash payment under the Settlement? **(circle one)**

           **Yes**        **No**

   ** The payment under this option will originally be set at $75.00; however, the value of the cash payment under this option will be increased or decreased *pro rata* based on the balance of the Settlement Fund after the payment of other benefits and attorneys' and settlement administrator fees and expenses. If you are selecting to receive the cash payment, you must sign the certification below.

2) **REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES**

   [ ] Please check this box here if you are electing to seek reimbursement for unreimbursed **Out-of-Pocket Expenses** and such claimed losses above will total no more than $5,000.00. You must provide reasonable documentation of the claimed Out-of-Pocket Expenses. Self-attested documentation alone will not suffice.

**Making a Claim for Out-of-Pocket Expenses**

In order to make a claim for Out-of-Pocket Expenses, **you must** (i) fill out the information below or fill out a separate sheet to be submitted with this Claim Form; (ii) sign the Certification at the end of this Claim Form (section III); and (iii) include reasonable documentation supporting each claimed loss along with this Claim Form. Out-of-Pocket Expenses need to be deemed fairly traceable to the Data Incident by the Settlement Administrator based on the documentation you provide and the facts of the Data Incident.

**Failure to meet the requirements of this section may result in your claim being rejected by the Settlement Administrator.**

| Out-of-Pocket Expense Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Unreimbursed fraud losses or charges. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $☐☐☐☐☐.☐☐ | *Examples: Account statement with unauthorized charges highlighted; Correspondence from financial institution declining to reimburse you for fraudulent charges.* Your documents: _____ _____ |
| ☐ Professional fees incurred in connection with identity theft or falsified tax returns. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $☐☐☐☐☐.☐☐ | *Examples: Receipt for hiring service to assist you in addressing identity theft; Accountant bill for re-filing tax return.* Your documents: _____ _____ _____ |
| ☐ Credit freeze. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $☐☐☐☐☐.☐☐ | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services.* Your documents: _____ _____ |
| ☐ Credit Monitoring ordered after receipt of the Data Incident Notice. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $☐☐☐☐☐.☐☐ | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services.* Your documents: _____ |
| ☐ Miscellaneous expenses such as notary, fax, postage, gas, copying, mileage, and long-distance telephone charges. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $☐☐☐☐☐.☐☐ | *Examples: Example: Phone bills, gas receipts, postage receipts; detailed list of locations to which you traveled (i.e. police station, IRS office) why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled to remediate or address issues related to the Data Incident.* Your documents: _____ _____ |
| ☐ Lost interest or other damages resulting from a delayed state and/or federal tax refund in connection with fraudulent tax return filing. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $☐☐☐☐☐.☐☐ | *Examples: Letter from IRS or state about tax fraud in your name; Documents reflecting length of time you waited to receive federal and/or state tax refund and the amount of any tax refund that you did not receive due to the tax fraud.* Your documents: _____ _____ |

| | | | |
|---|---|---|---|
| ☐ Other (provide detailed description). | ⬚⬚ / ⬚⬚ / ⬚⬚<br>(mm/dd/yy) | $ ⬚⬚⬚⬚ . ⬚⬚ | *Please provide detailed description below or in a separate document submitted with this Claim Form.* Your documents: _____ _____ |
| ☐ Fraudulent bank or credit card charges. | ⬚⬚ / ⬚⬚ / ⬚⬚<br>(mm/dd/yy) | $ ⬚⬚⬚⬚ . ⬚⬚ | *Examples: Account statement with unauthorized charges highlighted; correspondence with credit card company disputing the charges.* Your documents: _____ _____ |
| ☐ Fraudulent tax filings. | ⬚⬚ / ⬚⬚ / ⬚⬚<br>(mm/dd/yy) | $ ⬚⬚⬚⬚ . ⬚⬚ | *Examples: Letter from IRS or state about tax fraud in your name; Accountant bill for re-filing tax return.* Your documents: _____ _____ |
| ☐ Opening of bank accounts and/or credit cards in your name. | ⬚⬚ / ⬚⬚ / ⬚⬚<br>(mm/dd/yy) | $ ⬚⬚⬚⬚ . ⬚⬚ | *Examples: Notification from bank of new credit card or account; correspondence with bank about closing the account.* Your documents: _____ _____ |
| ☐ Government benefits taken in your name. | ⬚⬚ / ⬚⬚ / ⬚⬚<br>(mm/dd/yy) | $ ⬚⬚⬚⬚ . ⬚⬚ | *Examples: Notification of unemployment benefits being taken; correspondence with agency regarding issue.* Your documents: _____ _____ |

If you **do not submit** reasonable documentation supporting a claim for Out-of-Pocket Expenses, or your claim for an Out-of-Pocket Expenses payment is rejected by the Settlement Administrator for any reason and you do not cure the defect, only your claims for Lost Time and/or Pro Rata Cash Payments, if such claims are made, will be considered.

### III.    CERTIFICATION

By submitting this Claim Form, I certify that I am eligible to make a claim in this settlement and that the information provided in this Claim Form and any attachments are true and correct. I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this Claim or additional information from me. I also understand that all claims for payments under this Settlement are subject to the availability of settlement funds and may be reduced in part or in whole, depending on the type of claim and the determinations of the Settlement Administrator, which may not be appealed

Signature: _____          Date: _____

Print Name: _____

— **EXHIBIT  B** —

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WISCONSIN**
*Keith Tesky, et al. vs. Bone & Joint Clinic, S.C.*, Case No. 23-cv-184

<u>**A court has authorized this notice. This is not a solicitation from a lawyer.**</u>

---

**If You Were Subject to Bone & Joint Clinic, S.C. Data Incident**
**and Previously Received a Notice Letter Notifying You of the Data Incident,**
**You Could be Eligible for a Payment from a Class Action Settlement**

---

- You may be eligible to receive a payment from a proposed $575,000.00 non-reversionary class action settlement (the "Settlement Fund").
- The class action lawsuit concerns a ransomware cyberattack discovered on January 16, 2023 (the "Data Incident") involving Bone & Joint Clinic, S.C. ("Bone & Joint") in which it was determined that an unauthorized third party gained access to Bone & Joint's systems which potentially impacted the personally identifiable information ("PII") and personal health information ("PHI") of approximately 105,094 individuals, including, for patients: name, date of birth, Social Security number, driver's license, home address, phone number, health insurance information, diagnosis and treatment information; and for employees: name, address, phone number, date of birth, Social Security number and other PII, which might include drivers' license number, State ID number and/or passport number, along with employees' spouses, dependents and beneficiaries' PII (collectively referred to in this Settlement Agreement as "Private Information"). Bone & Joint denies any wrongdoing and denies that it has any liability but has agreed to settle the lawsuit on a classwide basis to avoid the burden and expense of litigation without in any way acknowledging fault or liability. The settlement in no way should be construed as an admission of any liability , wrongdoing, or fault by Bone & Joint.
- To be eligible to make a claim, you must have received a notice letter of the Bone & Joint Data Incident that occurred in January 2023.
- Eligible claimants under the Settlement Agreement will be eligible to receive one or both of the following Settlement benefits:

  ❖ **Out-of-Pocket Expenses: Reimbursement for the actual amount of unreimbursed out-of-pocket losses or expenses up to $5,000.00, with supporting documentation of the monetary losses or expenses; and/or**

  ❖ **Pro Rata Cash Payment: $75.00 cash payment from the Settlement Fund that will be increased or decreased *pro rata* depending on the amount remaining in the Settlement Fund after allocation of the Settlement Fund for reimbursement of documented Out-of-Pocket Expenses, attorneys' fees and expenses, service awards, and Notice and Administrative Expenses. By submitting this claim form, you must attest that you believe that you have suffered any harm associated with the Data Incident. You do not have to include documentation.**

- For more information or to submit a claim visit **INSERT** or call 1-###-###-#### Monday through Saturday, between 8:30 a.m. and 5:00 p.m. E.T.

- **Please read this notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

| | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive payment. | Submitted or Postmarked on or Before _____, 2023 |
| **Exclude Yourself By Opting Out of the Class** | Receive no payment. This is the only option that allows you to keep your right to bring any other lawsuit against Defendant for the same claims if you are a Class Member. | Submitted or Postmarked on or Before _____, 2023 |
| **Object to the Settlement and/or Attend the Fairness Hearing** | You can write the Court about why you agree or disagree with the Settlement. The Court cannot order a different Settlement. You can also ask to speak to the Court at the Final Approval Hearing on _____, 2024 about the fairness of the Settlement, with or without your own attorney. | Received on or Before _____, 2023 |
| **Do Nothing** | Receive no payment. Give up rights if you are a Class Member. | No Deadline. |

- Your rights and options as a Class Member – and the deadlines to exercise your rights – are explained in this notice.
- The Court will still have to decide whether to approve the Settlement. Payments to Class Members will be made if the Court approves the Settlement and after any possible appeals are resolved.

## What This Notice Contains

Basic Information...................…………………………………………………….…...

Who is in the Settlement…………………………………………………..…………..

The Settlement Benefits—What You Get if You Qualify…………………………...…..

How do You Submit a Claim…………………………….……………………...……

What Does Defendant Get……….…………………………….……………………...……

Excluding Yourself from the Settlement……………………………………..…….....

Objecting to the Settlement…………………………………….....……………….....……

The Lawyers Representing You……………………………………………………….......

The Court's Final Approval Hearing .............…………....................................…

If You Do Nothing………………………………………….……………….………......

Getting More Information………………………………………...………....

## BASIC INFORMATION

### 1.    Why is there a notice?

The Court authorized this notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give "final approval" to the Settlement. This notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

Judge James D. Peterson of the United States District Court for the Western District of Wisconsin is overseeing this case captioned as of *Keith Tesky, et al. vs. Bone & Joint Clinic, S.C.*, Case No. 23-cv-184. The people who brought the lawsuit, Keith Tesky, Mark Tessmer, Christopher Vangoethem, Kal Tesky, and Mark Ollerman are called the Plaintiffs. The entity being sued, Bone & Joint, S.C., is called the Defendant.

### 2.    What is this lawsuit about?

The lawsuit claims that Defendant was responsible for the Data Incident and asserts claims for negligence, negligence *per se*, breach of fiduciary duty, breach of implied contract, invasion of privacy (Wis. Stat. § 995.50 *et seq.*), violations of Wis. Stats. §§ 146.82, 146.84 (Confidentiality of Patient Healthcare Records), violations of Wis. Stat. § 100.18 (Fraudulent Representations Law), violations of Wis. Stat. § 134.98 (Data Breach Notification Law), unjust enrichment, and declaratory relief.

Defendant denies these claims and says it did not do anything wrong. No court or other judicial entity has made any judgment or other determination that Defendant has any liability for these claims or did anything wrong.

### 3.    Why is this lawsuit a class action?

In a class action, one or more people called Class Representatives sue on behalf of all people who have similar claims. Together, all of these people are called a Class, and the individuals are called Class Members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

### 4.    Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or Defendant. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to Class Members. The Class Representatives appointed to represent the Class and the attorneys for the Class ("Class Counsel," see Question 18) think the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

### 5.    How do I know if I am part of the Settlement?

You are affected by the Settlement and potentially a Class Member if you reside in the United States

and your Private Information was potentially impacted by the Data Incident, including if you were mailed a notification by or on behalf of Bone & Joint, regarding the Data Incident.

Only Class Members are eligible to receive benefits under the Settlement. Specifically excluded from the Class are (1) the judge presiding over the class action lawsuit and his direct family members; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Class Members who submit a valid request to be excluded from the Settlement.

## 6. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are included in the Settlement, you may call 1-###-###-#### with questions. You may also write with questions to:

Bone & Joint, S.C. Settlement Administrator
address
address
**INSERT WEBSITE**

## THE SETTLEMENT BENEFITS – WHAT YOU RECIEVE IF YOU QUALIFY

## 7. What does the Settlement provide?

The Settlement provides that Defendant will fund the following payments up to a total of $575,000.00: (a) up to $5,000.00 for reimbursement of your documented Out-of-Pocket Expenses fairly traceable to the Data Incident; and (b) a *pro rata* $75.00 payment, subject to adjustment as set forth below, with attestation that you believe you suffered any harm associated with the Data Incident.

The $75.00 *pro rata* payment will be dispersed after the distribution of attorneys' fees, Class Counsel's litigation expenses, the Service Awards, Notice and Administrative Expenses, and other Settlement benefits to claimants. The other Settlement benefits are also subject to *pro rata* reduction as needed in the event that the total claims exceed the $575,000.00 cap on payments to be made by Defendant, and payments may also be increased on a *pro rata* basis until the Settlement Fund is distributed. Payment of (1) attorneys' fees and expenses and service awards to Plaintiffs (see Question 19) and (2) the costs of notifying the Class and administering the Settlement will also be paid out of the Settlement Fund.

Also, as part of the Settlement, Defendant either has undertaken or will undertake certain reasonable steps to further secure its systems and environments.

## 8. What payments are available for reimbursement under the Settlement?

Class Members who submit a claim are eligible to receive, which may not be appealed:

a) Reimbursement of actual, documented, unreimbursed Out-of-Pocket Expenses resulting from the Data Incident (up to $5,000.00 in total), such as the following incurred on or after January 16, 2023:

- any costs incurred from credit monitoring services or ordering copies of your credit report;
- late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, and/or card cancellation or replacement fees;
- late fees from transactions with third parties that were delayed due to fraud or card replacement;
- unauthorized charges on credit, debit, or other payment cards that were not reimbursed;
- parking expenses or other transportation expenses for trips to a financial institution to address fraudulent charges or receive a replacement payment card;
- costs incurred obtaining credit freezes; and
- other expenses that are reasonably attributable to the Data Incident that were not reimbursed.

b) A potential cash payment of the remainder funds, which is estimated to be $75.00 but may be adjusted upward or downward pro rata based on how many other claims are made.

## HOW DO YOU SUBMIT A CLAIM?

### 9.    How do I get a benefit?

To receive a benefit under the Settlement, you must complete and submit a claim for that benefit (a "Claim"). Every Claim must be made on a form ("Claim Form") available at **INSERT WEBSITE** or by calling 1-###-###-####. A Claim Form will also be sent to Class Members as part of the postcard notice that will be mailed to Class Members. Read the instructions carefully, fill out the Claim Form, provide the required documentation, and submit it according to the instructions on the Claim Form.

### 10.    How will claims be decided?

The Settlement Administrator will decide whether and to what extent any Claim made on each Claim Form is valid. The Settlement Administrator may require additional information. If you do not provide the additional information in a timely manner, then the Claim will be considered invalid and will not be paid.

### 11.    When will I get my payment?

The Court will hold a Final Approval Hearing on _____, 2023 at _____.m. CT to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving those can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed.  Please be patient.

## WHAT DOES DEFENDANT GET?

### 12.    What am I giving up as part of the Settlement?

The Defendant gets a release from all claims covered by this Settlement. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Class Member and you will give up your right to sue Defendant and other persons ("Released Parties") as to all claims

arising out of or relating to the Data Incident ("Released Claims"). This release is described in the Settlement Agreement, which is available at **INSERT WEBSITE**. If you have any questions you can talk to the law firms listed in Question 18 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this Settlement, then you must take steps to exclude yourself from the Class. This is sometimes referred to as "opting out" of the Class.

### 13.    If I exclude myself, can I get a payment from this Settlement?

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement, but you will not be bound by any judgment in this case.

### 14.    If I do not exclude myself, can I sue Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendant (and any other Released Parties) for the claims that this Settlement resolves. You must exclude yourself from the Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you want to exclude yourself, then do not submit a Claim Form to ask for any benefit under the Settlement.

### 15.    How do I exclude myself from the Settlement?

To exclude yourself, send a letter that says you want to be excluded from or opt-out of the Settlement in *Keith Tesky, et al. vs. Bone & Joint Clinic, S.C.*, No. 23-cv-184, U.S. District Court for the Western District of Wisconsin. The letter must: (a) state your full name and current address; (b) contain your personal and original signature or the original signature of a person authorized by law to act on your behalf; and (c) state unequivocally your intent to be excluded from the Settlement. You must mail your exclusion request postmarked by _____, **2023,** to:

Bone & Joint, S.C. Settlement Administrator
Attn: Exclusion Request
address
address

## OBJECTING TO THE SETTLEMENT

### 16.    How do I tell the Court that I do not like the Settlement?

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. The Court will consider your views in its decision on whether to approve the Settlement. The Court can only approve or deny the Settlement and cannot change its terms. To object, you must mail your objection to the Settlement Administrator at the mailing address listed below and file your objection with the Court, postmarked by **no later** than the Objection Deadline, _____, **2023**:

Bone & Joint, S.C. Settlement Administrator
address
address

- 6 -

Your objection must be written and must include all of the following: (1) the name of the proceedings; (2) the Class Member's full name, current mailing address, and telephone number; (3) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (4) the identity of any attorneys representing the objector; (5) a statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (6) a statement identifying all class action settlements objected to by the Class Member in the previous five (5) years; and (7) the signature of the Class Member or the Class Member's attorney.

### 17.  What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you are a Class Member. Excluding yourself is telling the Court that you do not want to be part of the Class and do not want to receive any payment from the Settlement. If you exclude yourself, then you have no basis to object because you are no longer a member of the Class and the case no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

### 18.  Do I have a lawyer in this case?

Yes. The Court appointed Raina Borrelli of Turke & Strauss, LLP (613 Williamson St., Suite 201, Madison, WI 53703); Danielle L. Perry of Mason LLP (5335 Wisconsin Avenue, N.W. Suite 640 Washington, D.C. 20015-2052); and Ken Grunfeld of Kopelowitz Ostrow Ferguson Weiselberg Gilbert (1 West Las Olas Blvd, 5th Floor, Ft. Lauderdale, FL 33301), as Class Counsel to represent the Class. If you want to be represented by your own lawyer, then you may hire one at your own expense.

### 19.  How will the lawyers be paid?

Class Counsel will ask the Court for an award for attorneys' fees up to $191,475, plus litigation expenses not to exceed $20,000. Defendant has agreed not to object to any award of attorneys' fees and expenses up to those amounts, to the extent they are approved by the Court. This payment for any attorneys' fees and expenses to Class Counsel will be made out of the Settlement Fund. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Class Counsel will also ask the Court for Service Awards up to $2,000 for each of the Class Representatives for their services in representing the Class in this matter.

Any award for attorneys' fees and expenses for Class Counsel and the Class Representative Service Awards must be approved by the Court. The Court may award less than the amount requested. Class Counsel's papers in support of final approval of the Settlement will be filed no later than _____, 2023, and their application for attorneys' fees and expenses and service award will be filed no later than _____, 2023, and will be posted on the settlement website.

## THE COURT'S FINAL APPROVAL HEARING

## 20.    When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at _____ m. CT on _____, 2023, at United States District Court, Western District of Wisconsin, 120 North Henry Street, Madison, WI 53703, Courtroom _____ or by remote or virtual means as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, then the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees and reasonable expenses, and service awards. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommend checking **INSERT WEBSITE** or calling 1-###-###-####.

## 21.    Do I have to attend the hearing?

No. Class Counsel will present the Settlement Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

## 22.    May I speak at the hearing?

You may ask the Court for permission to speak at the final fairness hearing. To do so, you must file an objection according to the instructions in Question 16, including all the information required. Your objection must be **filed** with the Court and **mailed** to the Settlement Administrator postmarked no later than _____, **2023**.

## IF YOU DO NOTHING

## 23.    What happens if I do nothing?

If you do nothing you will not get any money from this Settlement. If the Settlement is granted final approval and the judgment becomes final, then you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant and the other Released Parties based on any of the Released Claims related to the Data Incident, ever again.

## GETTING MORE INFORMATION

## 24.    How do I get more information?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **INSERT WEBSITE.**   You may also call the Settlement Administrator with questions or to receive a Claim Form at 1-###-###-####.

This Notice is approved by the United States District Court for the District of South Dakota. **DO NOT CONTACT THE COURT DIRECTLY IF YOU HAVE QUESTIONS ABOUT THE SETTLEMENT.** Please contact the Settlement Administrator or Class Counsel if you have any questions about the Settlement.

— **EXHIBIT  C** —

Tesky, et al. v.
Bone & Joint, S.C.
c/o Settlement Administrator
P.O. Box XXXX
City, State Zip

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, STATE ZIP
PERMIT NO. XXXX

<<Barcode>>

Class Member ID: <<Refnum>>

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

---

### NOTICE OF CLASS ACTION SETTLEMENT

If you received a notice of a Data Incident from Bone & Joint, S.C., you are entitled to submit a claim for monetary compensation under a class action settlement.

z z z IIQ VHUW frp

### WHO IS A CLASS MEMBER?

In the lawsuit *Keith Tesky, et al. vs. Bone & Joint Clinic, S.C.*, Case No. 23-cv-184 (W.D. Wis.), you are a Class Member if your personal information was potentially compromised as a result of the Data Incident that Bone & Joint, SC ("Bone & Joint") experienced in January 2023 (the "Class").

### WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?

Under the Settlement, Bone & Joint has agreed to pay $575,000 into a Settlement Fund that will be distributed to Class Members who submit valid Claims, after deducting Class Counsel's attorneys' fees and expenses, service awards, and settlement administration notice and administration costs, if such awards are approved by the Court. Bone & Joint has agreed to settle the lawsuit on a classwide basis to avoid the burden and expense of litigation without in any way acknowledging fault or liability. The settlement in no way should be construed as an admission of any liability, wrongdoing, or fault by Bone & Joint. All Class Members may submit Claims to receive cash payments. Class Members who believe they suffered out-of-pocket expenses as a result of the Data Incident may claim up to $5,000 (subject to *pro rata* adjustment) for the reimbursement of sufficiently documented expenses. An estimated $75 *pro rata* cash payment may be made to claimants if there is a remaining balance in the Settlement Fund after payments for valid Claims, settlement administration costs and expenses, service award, and attorneys' fees and expenses. These cash payment amounts may not be $75, as they will be adjusted upwards or downwards depending on the amount of valid Claims. More information about the types of Claims and how to file them is available at **www.INSERT.com** ("Settlement Website").

### WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form.** To qualify for a cash payment, you must timely mail a Claim Form that is attached to this notice or timely complete and submit a Claim Form online at **www.INSERT.com**. Your Claim Form must be postmarked or submitted online no later than _____, **2023**. Epiq is the Settlement Administrator.

**Opt Out.** You may exclude yourself from the Settlement and retain your ability to sue Bone & Joint on your own by mailing a written request for exclusion to the Settlement Administrator that is postmarked no later than _____, **2023**. If you do not exclude yourself, then you will be bound by the Settlement and give up your right to sue regarding the Released Claims.

**Object**. If you do not exclude yourself, you have the right to object to the Settlement. Written objections must be signed, postmarked no later than _____, **2023**, and provide the reasons for the objection. Please visit **www.INSERT.com** for more details.

**Do Nothing**. If you do nothing, you will not receive a Settlement payment and will lose the right to sue regarding the released claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing**. The Court will hold a **Final Approval Hearing at _____ m. on _____, 2024** to determine if the Settlement is fair, reasonable, and adequate. All persons who timely object to the Settlement may appear at the Final Approval Hearing.

**Who are the attorneys for the Plaintiffs and the proposed Class?** The Court appointed Raina Borrelli of Turke & Strauss, LLP; Danielle L. Perry of Mason LLP; and Ken Grunfeld of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, as Class Counsel to represent the Class.

**Do I have any obligation to pay attorneys' fees or expenses?** No. The attorneys' fees and expenses will be paid exclusively from the Settlement Fund as awarded and approved by the Court. The attorneys' fees will be in an amount of up to $191,475, and the expenses will not exceed $20,000. The Fee and Expense Application will be posted on the Settlement Website after it is filed with the Court.

**What is the amount of the Class Representative Service Awards?** The named plaintiffs, Keith Tesky, Mark Tessmer, Christopher Vangoethem, Kal Tesky and Ken Ollerman, also called the Class Representatives, will each seek Service Awards in the amount of $2,000 for their efforts in this case.

**Who is the Judge overseeing this settlement?** District Judge James D. Peterson of the United States District Court for the Western District of Wisconsin.

**Where may I locate a copy of the settlement agreement, learn more about the case, or learn more about submitting a Claim?** www.INSERT.com

*** Please note that if you wish to submit a claim for compensation for out-of-pocket losses on the attached Claim Form, you will likely need to submit your claim online so you may attach all information necessary to support your request for payment. A longer version of the Claim Form may be accessed on the Settlement Website.

**This Notice is a summary of the proposed Settlement.**

Postage
Required

Tesky, et al. v.
Bone & Joint, S.C.
c/o Settlement Administrator
P.O. Box XXXX
City, State Zip

<<B a r c o d e>> Class Member ID:
<<Refnum>>

### CLAIM FORM

**Claims must be postmarked no later than _____, 2023. You may also submit a Claim Form online no later than _____, 2023.**

NAME: _____    ADDRESS: _____

**Monetary Compensation - You may file claims for one or more of the benefits in Sections 1, 2 and 3 below.**

1. *Pro Rata* **Cash Payment of $75**: Would you like to receive a *pro rata* cash payment of approximately $75? (circle one)     Yes          No

   If you are a Class Member, you may receive a $75 cash payment, which may be increased or decreased *pro rata* from funds remaining in the Settlement Fund after all claims are submitted and deductions are made from the Settlement Fund.

2. **Out-of-Pocket Expenses**: I am submitting a claim for out-of-pocket monetary expenses in the amount of $_____ (not more than $5,000.00) on account of out-of-pocket expenses and/losses I incurred as a result of the Data Incident. I understand that I am required to provide third-party documentation to support my claim for Out-of-Pocket Expenses, such as providing copies of any receipts, bank statements, or other documentation supporting my claim. I understand that "self-prepared" documents are insufficient to receive payment. I understand the Settlement Administrator may contact me for additional information before processing my claim. I understand that if I lack information supporting my claim, then I will likely not receive compensation for this Settlement benefit. I understand any monetary compensation I may receive under the Settlement for out-of-pocket monetary losses is capped at $5,000.00.

**By signing my name below,** I certify that I am eligible to make a claim in this settlement and that the information provided in this Claim Form is true and correct.


_____ **(signature)**

— **EXHIBIT  D** —

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| KEITH TESKY, MARK TESSMER, CHRISTOPHER VANGOETHEM, KAL TESKY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BONE & JOINT CLINIC, S.C., <br><br> Defendant. | Case No. 3:23-cv-00184-jdp – Consolidated |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Plaintiffs, individually and on behalf of the proposed Class, and Defendant have entered into a Settlement Agreement and Release, dated October 24, 2023 ("Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this litigation, Plaintiffs, Defendant, and Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

**PRELIMINARY APPROVAL**

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of

counsel and the Settlement Administrator.  Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of Honorable Morton Denlow (Ret.) of JAMS, through which the basic terms of the Settlement were negotiated and finalized. The Court further observes that the Settlement Agreement is the product of an informal exchange of information between the Parties before mediation. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Class and fall within the range of possible approval as fair, reasonable, and adequate.

4.     The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

## PRELIMINARY CLASS CERTIFICATION

5.     Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Class defined in the Settlement Agreement as follows: all current and former patients and employees of Bone & Joint residing in the United States whose Private Information was potentially impacted by the Data Incident. Excluded from the Class are: (1) the judge presiding over this Action, and members of his direct family; (2) Bone & Joint, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; and (3) Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

6.      The Court preliminarily finds that the Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Class is comprised of thousands of individuals; there are questions of law or fact common to the Class; the Class Representatives' claims are typical of those of Class Members; and the Class Representatives will fairly and

adequately protect the interests of the Class.

7.     The Court preliminarily finds that the Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only: the questions of law or fact common to the Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8.     The Court hereby appoints Keith Tesky, Mark Tessmer, Christopher Vangoethem, Kal Tesky and Ken Ollerman as the Class Representatives for the Class. The Court provisionally finds that the Class Representatives are similarly situated to absent Class Members and therefore typical of the Class and that they will be adequate Class Representatives.

9.     The Court finds the following counsel are experienced and adequate counsel and appoints them as Class Counsel for the Settlement: Raina Borrelli of Turke & Strauss, LLP; Danielle L. Perry of Mason LLP; and Ken Grunfeld of Kopelowitz Ostrow Ferguson Weiselberg Gilbert.

## NOTICE AND ADMINISTRATION

10.     Pursuant to the Settlement Agreement, the Parties have designated Epiq as the Settlement Administrator. Analytics shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

11.     The Court finds that the Class Notice and proposed Notice program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice program are reasonably calculated to apprise Class Members of the nature of this Litigation, the scope of the Class, the terms of the Settlement Agreement, the right of Class Members to object to the Settlement Agreement or exclude themselves from the Class and the processes for doing so, and the Final Approval Hearing. The Court therefore approves the Class Notice and Notice

program and directs the Parties and the Settlement Administrator to proceed with providing notice to Class Members pursuant to the terms of the Settlement Agreement and this Order.

12.     The Settlement Administrator shall commence the Notice program within the time required by the Settlement Agreement.

13.     The Court also approves the versions of the Claim Form and Short Form Notice.

## EXCLUSION AND OBJECTIONS

14.     Class Members who wish to opt out and exclude themselves from the Class may do so by notifying the Settlement Administrator in writing, postmarked no later than _____ (90 days after signing this Order). The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement in the communication. All Requests for Exclusion must be submitted individually in connection with a Class Member, *i.e.*, one request is required for every Class Member seeking exclusion.

15.     All Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16.     Class Members who wish to object to the Settlement may do so by submitting a written Objection to the Court in accordance with the procedures outlined in the Class Notice by _____ (90 days after signing this Order), it must be in writing, postmarked by the Objection Deadline, filed with/or mailed to the Court and the Settlement Administrator and must include (1) the name of the proceedings; (2) the Class Member's full name, current mailing address, and telephone number; (3) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (4) the identity of any attorneys representing the objector; (5) a

statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (6) a statement identifying all class action settlements objected to by the Class Member in the previous five (5) years; and (7) the signature of the Class Member or the Class Member's attorney.

17.    Any Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Class Notice and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

## FINAL APPROVAL HEARING

18.    The Court will hold a Final Approval Hearing on _____ at _____ in the United States District Court, Western District of Wisconsin, 120 North Henry Street, Courtroom _____, Madison, WI, 53703.

19.    At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of the Class Representatives should be made final; (e) Class Counsel's motion for attorneys' fees and Litigation Expenses should be granted; (f) the Service Awards sought for Class Representatives should be granted; and (g) a final judgment should be entered.

20.    The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Class Members.

## SETTLEMENT TIMELINE

| **Grant of Preliminary Approval** | |
|---|---|
| Settlement Administrator provides W-9 to AAA | +10 days after Preliminary Approval Order |
| AAA provides list of Class Members to the Settlement Administrator | +14 days after Preliminary Approval |
| Long Form and Short Form Notices Posted on the Settlement Website | +14 days after Preliminary Approval |
| Notice Deadline | +30 days after Preliminary Approval |
| Reminder Notice | +60 days after Notice Deadline |
| Class Counsel's Fee and Expense Application | +46 days after Notice Deadline |
| Objection Deadline | +60 days after Notice Deadline |
| Exclusion Deadline | +60 days after Notice Deadline |
| Claims Deadline | +90 days after Notice Deadline |
| Settlement Administrator Provide List of Objections/Exclusions to the Court and Class Counsel | +70 days after Notice Deadline |
| Initially Approved Claims List | +35 days after Claims Deadline |
| Initially Rejected Claims List | +35 days after Claims Deadline |
| Parties' Challenge to Any Claims | + 35 days from Initially Approved Claims List |
| **Final Approval Hearing** | +150 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | -14 days before Final Approval Hearing Date |
| Settlement Administrator Provide Notice of Opt-Outs and/or Objections | -14 days before Final Approval Hearing Date |
| **Final Approval** | |
| Effective Date | +35 days after Final Approval Order |
| Payment of Attorneys' Fees and Expenses, and Class Representative Service Awards | +30 days after Effective Date |
| Settlement Website Deactivation | +180 days after Effective Date |

21.    All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

22.    All Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23.     In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall be (i) admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED**.

_____          _____
Dated                                    Hon. James D. Peterson
                                         UNITED STATES DISTRICT COURT JUDGE